(128 App. Div. 709.)

## PEOPLE v. LAPELL.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. FISH (§ 6*)—DESTRUCTION OF FISH—STATUTES—CONSTRUCTION.

Forest, Fish and Game Law (Laws 1900, p. 32, c. 20) § 52, providing that no sawdust shall be thrown into any waters "in quantities destructive of fish inhabiting the same," prohibits the throwing of sawdust into the waters of the state in quantities sufficient to destroy fish therein, but does not prohibit the throwing of sawdust in quantities sufficient to destroy a stream as a spawning ground.

[Ed. Note.—For other cases, see Fish, Dec. Dig. § 6.*]

2. FISH (§ 14*)—STATUTORY REGULATIONS—PENALTIES—QUESTION FOR JURY.

In an action for penalties for violating the Forest, Fish, and Game Law (Laws 1900, p. 32, c. 20) § 52, prohibiting the throwing of sawdust into any waters of the state in quantities destructive of fish inhabiting the same, evidence *held* sufficient to go to the jury on the issue whether defendant had thrown sawdust into a stream in quantities destructive of fish inhabiting the same.

[Ed. Note.—For other cases, see Fish, Dec. Dig. § 14.*]

Appeal from Trial Term, Hamilton County.

Action by the People of the state of New York against Orrin B. Lapell. From a judgment on a verdict directed by the court for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Fred Linus Carroll, for appellant.

John K. Ward, for the People.

CHESTER, J. The action is brought to recover penalties for alleged violations of section 52 of the forest, fish, and game law, chapter 20, p. 32, Laws 1900. That section provides that:

"No * * * saw-dust, shavings, * * * or other deleterious, or poisonous substance shall be thrown or allowed to run into any waters, either private or public, in quantities destructive of fish inhabiting the same."

Defendant maintained a shingle mill on a creek known as "Pine Island Stream," which flowed into Long Lake, in Hamilton county. The mill was about half a mile above the lake, and was so constructed

that both the sawdust and shavings therefrom were cast into the creek. About a quarter of a mile above the defendant's dam on the same creek is a sawmill known as the Shaw mill, the sawdust from which is allowed to run into the stream above the defendant's dam. On the trial various witnesses were sworn upon the question as to whether or not the creek was inhabited by fish, and as to the amount of sawdust and shavings which the defendant had thrown or allowed to run therein. An expert witness on behalf of the state, in answer to a hypothetical question based upon the testimony as to the nature of the stream and the amount of sawdust and shavings therein, testified that the effect on the stream would be to destroy it as a spawning ground, and that "the effect on the fish would be to drive them out or kill them." There was proof that there were fish in the stream, but there was no proof that any fish had been destroyed by the sawdust and shavings. The defendant testified that practically all the sawdust from his mill was washed out of the stream by the current.

The prohibition of the statute against throwing sawdust and shavings into the waters of the state is not against throwing them in in quantities sufficient to destroy a stream as a spawning ground, but against throwing them in in quantities destructive of fish. To give full force to the evidence of the expert that the effect on the fish would be to drive them out or kill them would, at most, in view of the other testimony, raise a question of fact. Yet the court determined as a matter of law that the defendant had thrown sawdust and shavings into the stream in quantities destructive of fish inhabiting the same, and refused to the defendant the right to have that question determined by the jury as one of fact. In this we think an error was committed which requires a new trial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.